IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID NEIL SMITH, Mundford, Norfolk, England, United Kingdom,<br><br>    Plaintiff-Petitioner,<br><br>  v.<br><br>VICKIE MICHELLE SMITH, Caldwell, Idaho, United States of America,<br><br>    Defendant-Respondent. | Case No. 1:17-CV-489-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to reconsider filed by petitioner Vickie Smith. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In support of her motion, Vickie filed a hand-written statement of DMS intended to counter the Court's findings that DMS does not have a "strongly held independent desire to remain here." *See Memorandum Decision (Dkt. No. 29)* at p. 8. This new statement shows that DMS has a strong desire to remain here but does nothing to counter the Court's finding that his desire "has been powerfully influenced by Vickie's very strong desire to remain here." *Id.* The Court explained that finding at length in its earlier decision and will not repeat it here. It is enough to say that the new statement offers nothing to change that conclusion.

**Memorandum Decision & Order – page 1**

In the alternative, Vickie requests a stay of the Court's order to "determine whether DMS's current refusal to comply with the Court Order provides a basis for the Court to alter or amend its judgment." *See Motion (Dkt. No. 31)* at p. 3. This is essentially a request for another hearing to address DMS's desires. But in the absence of any evidence throwing new light on the Court's finding that Vickie holds a powerful influence over DMS's desires, another hearing would be a delaying tactic at best.

None of the traditional factors supporting a stay are present here. Vickie is unlikely to succeed on the merits in any further proceedings here or on appeal; DMS will not be irreparably injured because in just four months he is no longer subject to the Hague Convention; David will be substantially injured by a stay; and the public interest demands adherence to the overarching goal of the Hague Convention to return children when no defense has been shown. *See Chafin v. Chafin*, 568 U.S. 165, 179 (2013) (listing factors for a stay).

The Court can find no reason to grant DMS's request for a guardian ad litem. While guardians have been appointed where the minor child's interests are not being adequately represented, *Pennacchia v. Hayes,* 2016 WL 9045965 (D.Id. June 8, 2016), that is not the case here.

For all these reasons, the Court will deny the motion for reconsideration.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 31) is DENIED.

**Memorandum Decision & Order – page 2**

IT IS FURTHER ORDERED, that the parties shall have until March 1, 2018, to reach agreement.

IT IS FURTHER ORDERED, that if no agreement can be reached by March 1, 2018, that Ms. Vickie Michelle Smith is ordered to bring DMS before the Court on **March 1, 2018, at 3:00 p.m. in Courtroom No. 3 in the Federal Courthouse in Boise Idaho.** At that time, custody of DMS for purposes of the return will be transferred to counsel for Mr. David Smith. Ms. Vickie Michelle Smith is ordered to bring the British and United States passports for DMS and provide them to counsel for Mr. David Smith to facilitate DMS's return to England. Counsel for Mr. David Smith shall proceed to place DMS on the next reasonably available commercial air flight from Boise to London, England, making appropriate arrangements for DMS to travel as an unaccompanied minor.

IT IS FURTHER ORDERED, that all other procedures set forth in the Court's earlier Judgment (docket no. 30) shall be followed after the transfer of DMS as set forth above.

DATED: February 27, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge